GULF OIL CORPORATION, A CORPORATION OF THE STATE OF PENNSYLVANIA, PROSECUTOR, v. THE BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, RESPONDENT.

Argued January 16, 1945—Decided January 29, 1945.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Emanuel Oransky.*

For the respondent, *Philip J. Schotland* (*Joseph A. Ward,* of counsel).

The opinion of the court was delivered by

PORTER, J. The prosecutor desires to erect a building on the southeast corner of Clinton and Hillside Avenues, Newark, and to conduct there a gasoline filling station and salesroom for automobile accessories. The property is within the zone designated as "Second Business District" which does not permit gasoline stations. Prosecutor's application for a variance from the provisions of the zoning ordinance so as to permit the erection of a building for the stated uses was denied by the defendant, and its action is before us for review.

In November, 1941, this court reviewed the denial by defendant of a variance to the First Church of Christ Scientist, owner of the property, for the erection of a gasoline station on the same corner property. We concluded that "The permit should issue because the proofs established that the proposed use was in no respect detrimental to the surrounding neighborhood." *First Church of Christ Scientist* v. *Board of Adjustment,* 127 *N. J. L.* 325; *affirmed,* 128 *Id.* 376. We think the factual situation in this regard has not changed since that time. The former application covered only the property of the church at the corner with a frontage on Clinton Avenue of 47.75 feet. The present application covers the same property and in addition the adjoining property on Clinton Avenue, owned by the estate of Henry C. Ward, with a frontage of 50 feet. The church property consists of a vacant lot save for the ruins of an abandoned church foundation. On the Ward property is an old frame dwelling, presently rented as a rooming house. For many years unsuccessful attempts have been made to sell both properties. The prosecutor is now under contract to purchase both parcels, conditional upon obtaining a permit to build a gasoline filling station. The fact that the land area is larger for the proposed building than was the case on the previous application, it seems to us, does not change the situation, unless perhaps for the better, because the extra land permits a more commodious and finer building than would otherwise be possible.

Property owners in the immediate neighborhood object to the project in the belief that the establishment will be detri-

mental to the neighborhood and will tend to depreciate property values. On the other hand, there was an abundance of testimony from creditable experts and others to the contrary effect. We conclude that the proofs have again established that the proposed use was not detrimental to the neighborhood and that the failure to grant the permit was arbitrary and unreasonable.

The action of the board will be reversed.